UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

REINSURANCE PARTNERS,
INVESTMENTS, a Florida limited
liability company,

    Plaintiff,
v.

MAITE, LLC, a Florida limited liability
company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Reinsurance Partners Investments, LLC ("Creditor"), sues Defendant, Maite, LLC ("Debtor") to enforce the multi-million-dollar debt obligation Debtor owes to Creditor.[1]

### INTRODUCTION

1. Creditor sues Debtor to recover millions of dollars that Debtor owes to Creditor under indebtedness obligations owed by Debtor to Creditor by virtue of Creditor's receipt of an assignment of those debt obligations from Creditor's assignor ("Assignor").

2. To date, Debtor has failed to repay the overdue multimillion dollar debt obligations Debtor owes under the overdue debt obligations Creditor now owns.

3. Creditor seeks to enforce in this action the matured debt obligations it owns and holds, under which Debtor owes to Creditor millions of dollars, because Debtor failed to

---

[1] Creditor sometimes refers to itself and Debtor together as the "Parties."

voluntarily make the undisputed and required payments due under those debt obligations when they matured and became fully due and owing.

## NATURE OF THE ACTION, PARTIES, JURISDICTION, VENUE, CONDITIONS PRECEDENT, ATTORNEYS' FEES AND COSTS ENTITLEMENT, AND GOVERNING LAW

### A. Nature of the Action

4. This is an action by Creditor against Debtor for: (i) **breach of contract** relating to the matured promissory note Debtor executed and delivered to Assignor but Debtor has failed to repay despite the note's maturity; (ii) **money lent** related to the multimillion dollar loan Assignor undisputedly funded under the subject matured promissory note that remains unpaid; (iii) an *alternative* count for **promissory estoppel** relating to the unpaid debt obligation arising from the loan Assignor was undisputedly induced to make and Debtor undeniably promised to repay to Assignor, which Creditor now has the rights to enforce; and (iv) an *alternative* count for **unjust enrichment** relating to the admitted unpaid beneficial loan that Assignor made and that conferred a benefit upon Debtor's predecessors in interest, and which Debtor's predecessors in interest knowingly retained but yet failed to repay, and which Debtor agreed to repay and failed to repay, all of which rendering the circumstances unjust and inequitable.

### B. Parties

5. Plaintiff Reinsurance Partners Investments, LLC is an active Florida limited liability company, with its principal place of business located on Brickell Avenue in Miami, Florida.

6. Defendant Maite, LLC is an active limited liability company organized and existing under Florida law, which conducts business in Florida, and its sole managing member is Robert M. Koffler ("Koffler"), who resides and is domiciled in Colorado.

2

7. Defendant Maite, LLC, through its sole managing member Koffler: (i) signed the subject matured promissory note agreed to repay the amounts set forth in that note; and (ii) agreed to repay the multimillion-dollar loan Assignor made to Defendant Maite, LLC's predecessor in interest.

### C. Jurisdiction

8. This Court has **subject matter jurisdiction** over this action pursuant to 28 U.S.C. § 1332 (*diversity jurisdiction*) because: (a) Creditor's claims against Debtor exceed the $75,000 jurisdictional threshold, exclusive of interest and costs; and (b) the Parties' citizenship is completely diverse for purposes of 28 U.S.C. § 1332 because: (i) **Plaintiff** Reinsurance Partners Investments, LLC *is not a citizen of Colorado* due to the citizenship of each of its members, ***none of whom are citizens of Colorado***; and (ii) **Defendant** Maite, LLC, ***is a citizen of Colorado*** because its **sole member**, Robert M. Koffler, ***is a Colorado citizen*** and domiciliary, because he is domiciled and resides in ***Colorado,*** as evidenced by, among other things, his intention to remain in Colorado, which is evidenced by his residential address in Colorado, and his Colorado driver's license.

9. This Court's exercise of ***personal jurisdiction*** over Debtor is proper, and satisfies due process, because Debtor: (i) conducts business in Miami-Dade County, Florida; (ii) is engaged in substantial and not isolated activity within Florida (Fla. Stat. § 48.193(2)); (iii) breached the subject promissory note in Miami-Dade County, Florida (Fla. Stat. § 48.193(1)(a)(7)); and (iv) failed to repay the multi-million dollar loan it agreed to repay that was made by Assignor and now is due and owing to Creditor, as assignee of that indebtedness.

10. This Court's exercise of personal jurisdiction over Debtor is proper, and satisfies due process, because Debtor has sufficient minimum contacts with Florida. Those minimum

contacts include the fact that Debtor: (i) is a Florida incorporated limited liability company that conducts business in Miami-Dade County, Florida, with a principal office on Brickell Avenue, in Miami, Florida; (ii) breached a promissory note (contract) in Miami-Dade County, Florida; and (iii) failed to repay the multi-million dollar loan made by Assignor and now due and owing to Creditor as, assignee of that indebtedness.

11. Debtor agreed and consented in writing in the subject matured promissory note to submit to personal jurisdiction in Miami-Dade County, Florida for any action arising out of or relating to enforcement of that note.

12. Debtor agreed and consented to submit to personal jurisdiction in Miami-Dade County, Florida for any action arising out of or related to enforcement of the multi-million-dollar loan made by Assignor and now due and owing to Creditor, as assignee of that indebtedness.

**D. Venue**

13. This action is properly venued in this District pursuant to 28 U.S.C. § 1391 because: (i) a substantial part of the events or omissions giving rise to the claims occurred here; (ii) the Debtor agreed in the subject promissory note to venue in Miami-Dade County, Florida, which is within the Southern District of Florida; and (iii) Debtor agreed and consented to venue in Miami-Dade County, Florida for any action arising out of or related to enforcement of the multi-million-dollar loan made by Assignor and now due and owing to Creditor, as assignee of that indebtedness.

**E. Conditions Precedent**

14. All conditions precedent to the commencement of this action have been satisfied, occurred, or waived.

### F. Attorneys' Fees and Costs Entitlement

15. Creditor has retained the law firm of Damian | Valori | Culmo to bring this action and is incurring attorneys' fees and costs due and owing to that firm relating to the prosecution of this action against Debtor.

16. Creditor is entitled to, and demands, an award requiring Debtor to pay the reasonable attorneys' fees and costs Creditor incurs pertaining to this action pursuant to the matured promissory notes that Creditor describes and discusses below.

### G. Governing Law

17. The Parties agreed in the subject promissory notes that Florida law governs disputes arising out of those notes, so Florida law governs this action.

18. Florida law governs the claims in this action under Florida law's choice of law rules, which are applicable in this diversity-jurisdiction based action.

## BACKGROUND FACTS

### A. Matured Amended and Restated Note and the Assignment to Creditor

19. Debtor executed and delivered an Amended and Restated Secured Promissory Note to Assignor in the principal amount of $3,756,331.00, which had an effective date of April 6, 2022 ("Amended and Restated Note").[2]

---

[2] The Amended and Restated Note amended and restated that certain promissory note executed by Debtor and delivered to Assignor in the principal amount of $2,984,109.59 ("Original Note"). The terms of the Amended and Restated Note made clear that the Amended and Restated Note amended, restated, and superseded the Original Note. The Original Note was entered into by Debtor and Assignor in connection with a transaction in which Lera Investment Technologies, LLC entered into an Assignment of Rights and Obligations under Promissory Notes with Debtor under which Debtor assumed Lera's rights and obligations under that certain Promissory Note between Assignor and Lera, dated January 17, 2017, and was in the principal amount of $2,500,000 ("Lera Note"). As a result of this transaction, Debtor became obligated in the Original Note to repay the amount Assignor loaned to Lera, which was memorialized in the Lera Note. Also, as part of this

20. Creditor attaches the Amended and Restated Note to this Complaint as ***Exhibit A***.

21. The Amended and Restated Note bears a maturity date of April 6, 2024 ("Amended and Restated Note Maturity Date").

22. The Amended and Restated Note Maturity Date has passed, and Debtor has failed to repay all outstanding amounts due and owing by it under the Amended and Restated Note.

23. Assignor executed an Assignment of Rights and Obligations under Promissory Note, which has an effective date of July 1, 2024 ("Assignment"), under which Assignor assigned the Amended and Restated Note to Creditor.

24. Creditor provided good and valuable consideration to Assignor for the Assignment.

25. Creditor attaches the Assignment to this Complaint as ***Exhibit B***.

26. Contemporaneously with its execution of the Assignment, Assignor executed an allonge ("Allonge"), relating to the Amended and Restated Note, in favor of Creditor, which is now affixed to the Amended and Restated Note, and through which Assignor made the Amended and Restated Note payable to Creditor.

27. Creditor owns and holds the Amended and Restated Note.

28. Creditor is entitled to enforce the Amended and Restated Note against Debtor.

29. On the effective date of the Assignment, Debtor owed the full amount of the Amended and Restated Note to Assignor.

30. To date, Debtor has failed to pay the outstanding indebtedness due and owing by it under the Amended and Restated Note to Creditor.

---

transaction, Debtor, Lera, and Assignor agreed that Assignor had fully funded the loan to Lera that was memorialized in the Lera Note, and that Lera was fully obligated to repay Assignor under the Lera Note.

31. As of June 25, 2024, Maite owes to Creditor $3,756,330.84, plus accrued and accruing interest, attorneys' fees, and costs.

## CLAIMS FOR RELIEF

### COUNT I—BREACH OF CONTRACT

32. Creditor sues Debtor and adopts, realleges, and incorporates paragraphs 1 through 31 of this Complaint into Count I.

33. Creditor asserts a breach of contract claim against Debtor for breach of the Amended and Restated Note.

34. Upon the effective date of the Assignment, Assignor had fully performed under the Amended and Restated Note, by among other things, making the loan that is described in Amended and Restated Note.[3]

35. In the Amended and Restated Note, Debtor acknowledged, among other things, that Assignor had fully funded the principal amount of the loan proceeds referenced in the Amended and Restated Note to Debtor's predecessor in interest and Debtor agreed to repay to Assignor all amounts due and owing to Assignor under that note.

36. Upon and after the Amended and Restated Note Maturity Date, Debtor failed to repay Assignor the amounts due and owing under the Amended and Restated Note.

37. Upon the effective date of the Assignment, Debtor had failed to repay to Assignor all amounts due and owing to Assignor under the Amended and Restated Note.

38. By virtue of the Assignment and Allonge, Creditor is entitled to enforce the Amended and Restated Note against Debtor.

---

[3] As set forth in footnote 2 above, Assignor funded the original loan underlying the Amended and Restated Note to Lera and Debtor agreed to repay that loan to Assignor in the Original Note.

39. Debtor has failed to repay the amounts due and owing under the Amended and Restated Note to Creditor.

40. Creditor owns and holds the Amended and Restated Note.

41. The Allonge is affixed to the Amended and Restated Note.

42. Debtor has breached the Amended and Restated Note by failing to repay the indebtedness due by it under the terms of the Amended and Restated Note and owing to Creditor by virtue of the Assignment and Allonge.

43. Creditor provided good and valuable consideration to Assignor for the Assignment of the Amended and Restated Note.

44. Debtor's breach of the Amended and Restated Note has proximately caused damages to Creditor.

45. The Amended and Restated Note provides that Creditor is entitled to recover from Debtor the attorneys' fees and costs Creditor incurs in prosecuting this action to enforce the Amended and Restated Note.

WHEREFORE, Reinsurance Partners Investments, LLC demands judgment in its favor against Defendant Maite, LLC for damages, plus non-default interest on the principal balance owed (as applicable), default interest on the principal balance owed (as applicable), any advances made, an award of attorneys' fees and costs, and any other relief the Court deems just and proper.

## COUNT II—MONEY LENT

46. Creditor sues Debtor and adopts, realleges, and incorporates paragraphs 1 through 31 into Count II.

47. There is now due, owing, and unpaid from Debtor to Creditor $3,756,330.84 (as of June 25, 2024) in principal for money lent by Assignor to Maite's predecessor in interest, which

Debtor is now obligated to repay to Creditor, by virtue of the Assignment and Allonge, with accrued and accruing interest.

WHEREFORE, Plaintiff Reinsurance Partners Investments, LLC demands judgment in its favor against Defendant Maite, LLC for damages, plus non-default interest on the principal balance owed (as applicable), default interest on the principal balance owed (as applicable), an award of costs, and any other relief the Court deems just and proper.

### (*ALTERNATIVE*) COUNT III—PROMISSORY ESTOPPEL

48. Creditor sues Debtor and adopts, realleges, and incorporates paragraphs 1-3; 4(iii); 5-6; 7(ii); 8; 9(i-ii, iv); 10(i, iii); 12; 13(i, iii); 14; 18; and 31 into (*alternative*) Count III.

49. Assignor loaned money to Debtor's predecessor in interest and Debtor acknowledged and agreed the loan Assignor made to its predecessor in interest was made and fully funded.

50. Debtor promised to repay Assignor all of the money that Assignor loaned to Debtor's predecessor in interest, plus interest, based upon good and valuable consideration Debtor received from its predecessor in interest.

51. Debtor made a definite promise to Assignor—to repay the loan, plus interest, Assignor made to Debtor's predecessor.

52. Based upon its definite promise, Debtor should have reasonably expected to induce action or forbearance on the part of Assignor—such as Assignor agreeing to an extended maturity date, which has since expired.

53. Debtor's representations to Assignor—that it would repay the subject loan to Assignor—were material representation.

54. Assignor's reliance upon Debtor's material representations was reasonable.

9

55. Debtor's material representations to Assignor—that it would repay the subject loan to Assignor—were contrary to Debtor's later position manifested by the fact that Debtor has not repaid the subject loan to date.

56. Debtor's promise to repay the subject loan to Assignor induced Assignor to agree to change its position by providing an extended maturity dated, which has since expired.

57. Assignor determinately relied upon Debtor's promises to repay Assignor, by among other things, agreeing to an extended maturity date and thereby forbearing from exercising its legal collection rights for a period of time that has since expired.

58. Assignor's agreement to an extended maturity date changed its position because it could have sought to enforce the subject loan without agreeing to an extended maturity date, which has since expired.

59. Debtor has failed to keep its promise to repay the subject loan, plus interest, to Assignor

60. Injustice can only be avoided under these circumstances by enforcing Debtor's promise to repay the loan, plus interest, to Creditor as the assignee of Assignor's legal rights to enforce the promises Debtor made to Assignor as set forth in this Count III.

61. Maite's failure to keep its promise to repay Assignor has caused damages to Creditor because Creditor provided good and valuable consideration to Assignor in exchange for receipt of the assignment of Assignor's rights to enforce Debtor's promises as set forth in this Count III.

WHEREFORE, Plaintiff Reinsurance Partners Investments, LLC demands judgment in its favor against Defendant Maite, LLC for damages, pre- and post-judgment interest (as applicable), an award of costs, and any other relief the Court deems just and proper.

## (*ALTERNATIVE*) COUNT IV—UNJUST ENRICHMENT

62. Creditor sues Debtor and adopts, realleges, and incorporates paragraphs 1-3; 4(iii); 5-6; 7(ii); 8; 9(i-ii, iv); 10(i, iii); 12; 13(i, iii); 14; 18; and 31 into (*alternative*) Count IV.

63. Assignor conferred a benefit upon Debtor's predecessor in interest by making the subject loan to Debtor's predecessor in interest and Assignor conferred a benefit upon Debtor by agreeing to forbear from exercising its collection rights for a certain period of time by way of an extended maturity date, which has since passed.

64. Debtor has knowledge of the fact that Assignor conferred a benefit upon it by loaning money to its predecessor in interest and agreeing to forbear from exercising its collection rights for a certain period of time by way of an extended maturity date, which has since passed.

65. Debtor's predecessor in interest knowingly and voluntarily received, accepted, and retained from Assignor the loan Assignor made to Debtor's predecessor in interest and Debtor knowingly and voluntarily accepted good and valuable consideration from its predecessor in interest and enjoyed the benefit of that consideration and that certain forbearance by way of an extended maturity date to which Assignor agreed to grant to Debtor, which has since passed.

66. Given that Debtor agreed to repay Assignor the principal amount of the loan Assignor made to Debtor's predecessor in interest, plus interest, it would be unjust and inequitable for Debtor's predecessor in interest to have kept the loan proceeds, and for Debtor to have enjoyed the benefit of the good and valuable consideration it received from its predecessor in interest and also enjoyed the benefit of the forbearance Assignor provided to Debtor by way of an extended maturity date, which has since expired, and not repay Assignor the agreed upon amounts.

67. Creditor provided good and valuable consideration to Assignor in exchange for Assignor's assignment of its rights to enforce the subject debt obligations arising from Debtor's agreement to repay to Assignor.

68. Debtor's predecessor in interest's retention of the loan proceeds from Assignor and Debtor's agreement to repay the loan proceeds after receipt of good and valuable consideration from its predecessor in interest, and Debtor's agreement to repay Assignor, without Debtor actually repaying the principal amount, plus interest, to Assignor has caused damages to Creditor as assignee of Assignors rights against Debtor.

WHEREFORE, Plaintiff Reinsurance Partners Investments, LLC demands judgment in its favor against Defendant Maite, LLC for damages, pre- and post-judgment (as applicable), an award of costs, and any other relief the Court deems just and proper.

Dated: July 5, 2024.

                              Respectfully submitted,

                              DAMIAN | VALORI | CULMO
*Counsel for Creditor, Reinsurance Partners Investments, LLC*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

By: */s/Melanie E. Damian*
    Melanie E. Damian
    Florida Bar Number 99392
    Email: mdamian@dvllp.com
    Kristopher E. Pearson
    Florida Bar Number: 16874
    E-mail: kpearson@dvcattorneys.com