`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22563-CIV-ALTONAGA/Reid
CONSOL. CASE NO. 24-22865-CIV-ALTONAGA/Reid

**REINSURANCE PARTNERS INVESTMENTS, LLC,** a Florida limited liability company,

    Plaintiff,

v.

**MAITE, LLC**, a Florida limited liability company,

    Defendant.
_____/

### PLAINTIFFS/JUDGMENT CREDITORS' MOTION FOR ENTRY OF A CHARGING ORDER AGAINST LIMITED LIABILITY COMPANY MEMBERSHIP INTERESTS OF JUDGMENT DEBTORS AND MEMORANDUM OF LAW

Plaintiffs/Judgment Creditors, Reinsurance Partners Investments, LLC ("RPI"), Tri-Cap Holdings, LLC ("Tri-Cap"), and 530 Mashta, LLC ("Mashta" together with RPI and Tri-Cap, "Judgment Creditors"), pursuant to the *Order* entered on June 27, 2025 [ECF No. 122] ("Final Judgment") move the Court for entry of an order, substantially in the form of the proposed order attached as **Exhibit A**, pursuant to Rule 69 Federal Rule of Civil Procedure and Florida Statutes § 605.0503, for, among other things, entry of a charging order against the limited liability company ("LLC") membership interests of Defendants/Judgment Debtors, Maite, LLC ("Maite"), Robert M. Koffler, individually ("Koffler"), and RMK Ngena, LLC ("RMK Ngena" together with Maite and Koffler "Judgment Debtors").

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND
*Judgment Creditors' $24+ Million Unpaid Judgment Against Judgment Debtors*

On June 27, 2025, this Court entered the Final Judgment, which, among other things, entered final judgment in favor of Judgment Creditors against Judgment Debtors in various amounts in favor of each Judgment Creditor totaling over $24 million. *See* ECF No. 122. The Final Judgment remains valid, outstanding, and unsatisfied. Judgment Debtors have made no payments

to Judgment Creditors to satisfy any portion of the Final Judgment and post-judgment interest continues to accrue at the statutory rate.

Judgment Debtors did not appeal, seek reconsideration of, or seek to stay, the Final Judgment. *See generally* CM/ECF Docket. The automatic stay under Rule 62 expired on July 28, 2025, as set forth in the Final Judgment. *See* ECF No. 122. Judgment Creditors obtained Judgment Lien Certificates pursuant to Sections 55.201, *et. seq.*, Florida Statutes, thereby acquiring a lien on all of Judgment Debtors' personal property, including any stock or membership interest they may hold in any companies, including the LLCs at issue in this Motion. Judgment Creditors attach copies of the Judgment Lien Certificates as ***Exhibits B-E***.

### *Judgment Debtors' LLC Membership Interests are Subject to Charging Orders*

Judgment Creditors are aware of the following LLCs in which Judgment Debtors own (or claim to own) membership interests ("Judgment Debtor LLCs"):

| # | LLC NAME | STATE | MEMBER | % |
|---|---|---|---|---|
| | **JUDGMENT DEBTORS LLCS** | | | |
| 1 | Maite, LLC | FL | Koffler | 100% |
| 2 | BiscayneAmericas Advisers, LLC | FL | Koffler | 100% |
| 3 | RMK Ngena, LLC | FL | Koffler | 100% |
| 4 | Blue Spruce Lane, LLC[1] | CO | Koffler | Disputed |

Judgment Creditors compiled this list based upon information presently known to them based upon the security agreements and related pledges Judgment Debtors made to Judgment Creditors pertaining to the lending relationship that gave rise to the Final Judgment. As such, they reserve their right to file supplemental motions to add newly discovered LLC membership interests Judgment Debtors own (or claim to own). Judgment Debtors are required to complete Florida's Form 1.977 Fact Information Sheet by August 11, 2025, so Judgment Creditors may find out then that Judgment Debtors own additional LLC membership interests or through discovery in aid of execution.

---

[1] Judgment Debtor Robert M. Koffler claims an interest in Blue Sprue Lane, LLC, a Colorado limited liability company. Judgment Creditors seek a charging order as to any interest Koffler is determined to possess in this entity.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure Rule 69(1)(a) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *see also Louden Broadway Props., LLC v. Swig*, No. 22-81448-CV, 2025 U.S. Dist. LEXIS 49561, at *4 (S.D. Fla. Mar. 12, 2025).

Section 605.0503(1), Florida Statutes, states: "On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest." *See* Fla. Stat. § 605.0503(1); *Mora v. Venegas*, No. 23-CV-21994-GAYLES/TORRES, 2025 U.S. Dist. LEXIS 3632, at *5 (S.D. Fla. Jan. 8, 2025) (granting charging order where judgment debtor had failed to pay the outstanding judgment and owned an interest in an LLC).

Here, Judgment Debtors have failed to pay the Final Judgment in any amount so the full amount of over $24 million remains outstanding and Judgment Debtors own membership interests in the Judgment Debtor LLCs. Judgment Creditors, therefore, seek entry of charging orders against Judgment Debtors' membership interests in the Judgment Debtor LLCs pursuant to Section 605.0503(1), Florida Statutes.

Florida law also provides judgment creditors with the right to foreclose on the judgment debtor's interest in a single member LLC under certain circumstances. *See* Fla. Stat. § 605.0503(4). Section 605.0503(4) provides:

> In the case of a limited liability company that has only one member, if a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the transferee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment

3

> within a reasonable time at any time after the entry of the judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.

Fla. Stat. § 605.0503(4). Under this section, the requested charging orders are the first step for Judgment Creditors to take, and they reserve their rights to subsequently make a showing to the Court pursuant to Section 605.0503(4), Florida Statutes, if the required circumstances arise. *See Comerica Bank v. Everglades Dressage, LLC*, No. 20-CV-81360-RAR, 2023 U.S. Dist. LEXIS 99384, at *3 (S.D. Fla. June 7, 2023) (granting charging order and reserving jurisdiction to foreclose on LLC membership interests in the event that the distributions from the subject LLC do not satisfy the final judgment within a reasonable amount of time); *Mario Zeron v. C & C Drywall Corp.*, 2022 U.S. Dist. LEXIS 161564 (S.D. Fla., Sept. 7, 2022) (adopting magistrate judge's recommendation to grant charging order and deny request to foreclose membership interest without prejudice pending future showing of statutory requirements under Section 605.0503(4), Florida Statutes).

Finally, Judgment Creditors request the Court reserve jurisdiction to appoint a receiver over the Judgment Debtor LLCs should any of them fail to, or demonstrate an unwillingness to, pay Koffler's share of distributions attributable to his interests to Judgment Creditors. *Dogwood State Bank v. Moussa-Oliver*, No. 23-cv-22539-BLOOM/Torres, 2024 U.S. Dist. LEXIS 246232, at *2-3 (S.D. Fla. Sep. 3, 2024) (granting charging order and reserving jurisdiction to appoint a receiver LLCs did not pay distributions to judgment creditor).

## CONCLUSION

For the foregoing reasons, Judgment Creditors respectfully request the Court grant the Motion and enter an order substantially in the form of the proposed order attached as ***Exhibit A***.

WHEREFORE, Plaintiffs/Judgment Creditors, Reinsurance Partners Investments, LLC; Tri-Cap Holdings, LLC; and 530 Mashta, LLC respectfully request this Court enter an order, substantially in the form of the proposed order attached as ***Exhibit A***: (a) granting this Motion; (b) entering charging orders pursuant to 605.0503(1), Florida Statutes against Judgment Debtors' membership interests in the Judgment Debtor LLCs; (c) reserving jurisdiction to order sale of Judgment Debtors' membership interests of any of the Judgment Debtor LLCs that are single-member LLCs if the distributions under the Charging Orders do not satisfy the Final Judgment within a reasonable time; (d) reserving jurisdiction to appoint a receiver over the Judgment Debtor

LLCs should any of them fail to willing pay Koffler's share of distributions attributable to his interests to Judgment Creditors; and (e) granting any other relief the Court deems just and proper under the circumstance.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: (1) Judgment Creditors' counsel emailed Judgment Debtors on Tuesday, July 29, 2025 at 5:10 p.m. a copy of the motion requesting whether Judgment Debtors' opposed the requested relief and offered to schedule a call to discuss the motion; (2) Judgment Creditors' counsel followed up with an email on Wednesday, July 30, 2025 at 3:00 p.m. concerning whether Judgment Debtors opposed the relief requested in the motion; (3) Judgment Creditors' counsel followed up with a email on Friday, August 1, 2025 at 10:50 a.m. requesting a response by 4:00 p.m. that day given the conferral process began on Tuesday, July 29, 2025; (4) Judgment Creditors' counsel called and left a voicemail message for Judgment Debtors' counsel Leoncio E. de la Peña D. on his direct line at approximately 11:00 a.m. on August 1, 2025 requesting a response by close of business on August 1, 2025; (5) Judgment Creditors' counsel then called Judgment Debtors' counsel's office at approximately 11:00 a.m. on August 1, 2024 and requested a response from counsel concerning Judgment Debtors' position concerning the motion; and (6) at 2:31 p.m. Judgment Debtors' counsel, Mr. de la Peña responded that he would not advise Judgment Creditors' counsel by close of business on August 1, 2025. Based upon the foregoing, Judgment Creditor's counsel engaged in reasonable efforts to confer with Judgment Debtors' counsel prior to filing the motion. Moreover, the post-judgment nature of the case and the judgment enforcement related nature of the requested relief make resolution by agreement more challenging than with other types of motions.

Dated: August 1, 2025.                    Respectfully submitted,

By: */s/ Melanie E. Damian*
Melanie E. Damian
Florida Bar Number 99392
mdamian@dvllp.com
Kristopher E. Pearson
Florida Bar Number 16874
kpearson@dvcattorneys.com
DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

*Attorneys for Plaintiffs/Judgment Creditors, Reinsurance Partners Investments, LLC, Tri-Cap Holdings, LLC and 530 Mashta, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2025, a true and correct copy of the foregoing document was served via email to all counsel of record.

*/s/ Melanie E. Damian*
Melanie E. Damian